# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-13-413

| | |
|---|---|
| NICOLE NICHOLS and MICHAEL NICHOLS<br><br>APPELLANTS<br><br>V.<br><br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILD<br><br>APPELLEES | **Opinion Delivered** September 18, 2013<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. JV-2011-267]<br><br>HONORABLE JIM D. SPEARS, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**ROBIN F. WYNNE, Judge**

Nicole Nichols and Michael Nichols both appeal from the Sebastian County Circuit Court's order terminating their parental rights to their child, E.N. (DOB 1-10-10). Nicole's counsel has filed a motion to withdraw as counsel that is accompanied by a brief filed pursuant to Arkansas Supreme Court Rule 6-9 and *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004). Michael's counsel has filed a merit brief. We affirm the circuit court's termination order as to both appellants and grant the motion to withdraw as counsel.

E.N. was taken into custody by the Arkansas Department of Human Services (the Department) on April 2, 2011, after Michael was arrested for domestic battery and Nicole tested positive for methamphetamine, marijuana, and benzodiazepines. Following an

adjudication hearing on May 16, 2011, the circuit court entered an order in which it adjudicated E.N. dependent-neglected "by reason of parental unfitness due to the parents' drug abuse and domestic violence issues." The goal of the case was set as reunification. After a review hearing in October 2011, the circuit court found that appellants had not complied with the case plan. Specifically, the circuit court found that they did not have stable housing, income, or transportation. Appellants also had not resolved their criminal charges, completed required classes, or visited with E.N. regularly. A permanency-planning hearing was held on March 12, 2012. In the permanency-planning order, the circuit court found that appellants had not been compliant with the case plan. The circuit court also found that Michael was sentenced to five years in prison in February 2012 on drug-related charges and had not been compliant with the case plan prior to his incarceration. The circuit court further found that, while Nicole had made some progress on the case plan, her activity had begun at the eleventh hour. In the order, the circuit court changed the goal of the case to termination of parental rights and adoption.

The Department filed a petition for termination of parental rights on June 26, 2012. In the petition, the Department alleged the following statutory grounds for termination: (1) that the juvenile has been adjudicated dependent-neglected and has continued to be out of the custody of the parents for twelve months and, despite a meaningful effort by the Department to rehabilitate the parents and correct the conditions that caused removal, those conditions have not been remedied;[1] (2) the juvenile has lived outside the home of the parents

---

[1]Ark. Code Ann. § 9-27-341(b)(3)(B)(i)*(a)* (Supp. 2011).

for a period of twelve months and the parents have willfully failed to maintain meaningful contact with the juvenile;[2] (3) that other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that return of the juvenile to the custody of the parent is contrary to the juvenile's health, safety, or welfare, and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevent the return of the juvenile to the parent;[3] and (4) that the parents have subjected any juvenile to aggravated circumstances and that there is little likelihood that services to the family would result in successful reunification.[4]

At the termination hearing, Nicole testified that she was living with her grandparents and earning an average of $250 per week taking care of her grandmother. Nicole finished parenting classes in February 2012, and was going to attend her "third or fourth" domestic-violence class on the day of the termination hearing. Nicole stated that she went to her psychological examination but did not stay because she was called stupid and told that she could not read. She attended drug-and-alcohol-treatment sessions but left because "[i]t was all about Christ." Nicole insisted that it had been "a long minute" since she had used drugs. Nicole spent December 2011 in jail. She admitted to being charged with two drug-related offenses since the beginning of the case. At the time of the termination hearing, she was on

---

[2]Ark. Code Ann. § 9–27–341(b)(3)(B)(ii)*(a)*.

[3]Ark. Code Ann. § 9–27–341(b)(3)(B)(vii)*(a)*.

[4]Ark. Code Ann. § 9–27–341(b)(3)(B)(ix)*(a)(3)(B)(i)*.

a three-year deferred sentence out of Oklahoma for drug possession. In August 2012, she was sentenced to sixty months' suspended imposition of sentence by the Sebastian County Circuit Court for possession of drug paraphernalia. She denied that she and Michael were together, but she was not sure whether they would get divorced. Nicole admitted that she had not visited her daughter for a three-month period prior to the termination hearing and explained that she did not visit because she was trying to get herself "mentally right." Nicole testified that her plan was to continue living with her grandparents, where there would be a separate bedroom for E.N. She did not have a car or a valid driver's license.

Michael testified that he was living alone in a house owned by his mother. Regarding his marriage to Nicole, he was going to "see how things go." Michael stated that he was employed with M&R Roofing doing seasonal roofing and that he did not have income at the time of the hearing. He was in prison for nine months and was released on September 12, 2012. His total sentence was ten years, with five years deferred. He was on parole at the time of the hearing. He denied having any other criminal charges pending. Michael testified that he completed substance-abuse treatment, anger-management classes, parenting classes, and received his GED while he was imprisoned. He did not have a valid driver's license.

Tandy Butler, the family services worker who had been assigned to the case since July 2012, testified that she attempted to contact Nicole three days prior to a scheduled hair-follicle test that had been ordered by the circuit court but was unable to contact her. When Ms. Butler called Nicole's grandparents' home, her grandfather said that he had not seen Nicole in two days.

Kim Smith, the assistant to Dr. Nancy Powell, who was scheduled to perform Nicole's psychological evaluation, testified that Nicole was initially angry, calmed down long enough to take one test, then became angry and started cursing. Ms. Smith denied saying anything to offend Nicole. Dr. Powell testified that she was unable to complete her interview with Nicole because Nicole left her office. Based on the portion of the examination that was completed, Dr. Powell gave Nicole a provisional diagnosis of schizophrenia. Dr. Powell also noted that she saw physical signs indicative of methamphetamine use.

Jackie Hamilton, the director of the Parenting Without Violence Program, testified that she received referrals on both appellants as a result of their criminal convictions. Nicole attended orientation on February 6, 2012, but only attended one class and did not return until September 24, 2012. Michael was referred on June 16, 2011, did not attend orientation, and came in to enroll on September 24, 2012. Hamilton testified that both appellants could have completed the program had they come in when they were referred.

Cathleen Hampton, Nicole's mother, testified that E.N. had been placed in her home for the previous eighteen months and that E.N. was doing well. Ms. Hampton expressed a desire to adopt E.N. if the termination petition were granted. She testified that she had never seen any stability or long period of sobriety from either Nicole or Michael. Lillian Nichols, Michael's mother, testified that Michael would be capable of caring for E.N. without assistance.

Jennifer Marsh, who was the worker assigned to the case prior to Tandy Butler, testified that Nicole was discharged from drug-and-alcohol treatment for noncompliance and

5

that there was no record of treatment for Michael apart from what he completed while imprisoned. Ms. Marsh testified that E.N. would be at risk if returned to appellants because there was no indication they had refrained from substance abuse, there was no indication that they were financially stable, they were both living in homes owned by relatives, they did not have transportation, and they had not completed any services. Ms. Marsh testified that E.N. was adoptable.

In an order filed on February 25, 2013, the circuit court granted the Department's petition for termination of parental rights as to both appellants. These appeals followed.

We review termination of parental rights cases de novo. *Grant v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 636, 378 S.W.3d 227. The grounds for termination of parental rights must be proved by clear and convincing evidence. *Id.* When the burden of proving a disputed fact is by clear and convincing evidence, the question on appeal is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous, giving due regard to the opportunity of the circuit court to judge the credibility of the witnesses. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.*

As is noted above, Nicole's appellate counsel has filed a motion to withdraw along with a no-merit brief. In dependency-neglect cases, if, after studying the record and researching the law, appellant's counsel determines that the appellant has no meritorious basis for appeal, then counsel may file a no-merit petition and move to withdraw. Ark. Sup. Ct.

6

R. 6-9(i)(1) (2012). The petition must include an argument section listing all adverse rulings to the appellant made by the circuit court on all objections, motions, and requests made by the party at the hearing from which the appeal arose and explaining why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 6-9(i)(1)(A). The petition must also include an abstract and addendum containing all rulings adverse to the appellant made at the hearing from which the order on appeal arose. Ark. Sup. Ct. R. 6-9(i)(1)(B). After Nicole's counsel filed a brief and motion to withdraw, the clerk of this court attempted to send Nicole a copy of the brief and motion to withdraw along with a letter informing her of her right to file pro se points to the address provided by counsel pursuant to Arkansas Supreme Court Rule 4-3(i)(3). The packet was returned marked "NO SUCH NUMBER" by the post office. Counsel has no additional contact information.

Nicole's counsel argues that there would be no merit to a challenge to the sufficiency of the evidence to support termination. We agree. A circuit court may terminate parental rights if the court finds by clear and convincing evidence that termination is in the child's best interest, considering the likelihood that the child will be adopted and the potential harm the child would suffer if returned to the parent's custody, and finds by clear and convincing evidence that at least one statutory ground for termination exists. *Fields v. Ark. Dep't of Human Servs.*, 104 Ark. App. 37, 43, 289 S.W.3d 134, 138 (2008). The circuit court found that the Department proved all of the statutory grounds pled in the petition to terminate Nicole's parental rights. E.N. had been out of Nicole's custody for over a year at the time of the termination hearing after being removed due to domestic violence and drug use in the

7

home. In that time, Nicole was charged with a new drug-related offense, failed to complete drug-and-alcohol treatment, and failed to complete domestic-violence classes. The circuit court did not clearly err in determining that the conditions that led to removal had not been remedied. In addition, subsequent to the filing of the petition, Nicole had demonstrated an inability to obtain stable housing and employment, as she was dependent on her elderly grandparents for both her housing and the entirety of her income. There could be no good-faith argument made that the Department failed to prove at least one statutory ground for termination.

Regarding whether termination was shown to be in E.N.'s best interest, at the time of the termination, there were serious questions regarding Nicole's stability, her drug use, and her turbulent relationship with Michael. During the case, E.N. had done well in a stable placement with her grandmother who expressed a willingness to adopt her. Nicole's counsel correctly argues that the circuit court did not clearly err by finding that termination was in E.N.'s best interest.

Nicole's counsel has identified additional rulings during the termination hearing that were adverse to Nicole and has explained in the brief why none of the rulings presents a meritorious issue for appeal. We agree with counsel that none of the adverse rulings at the termination hearing presents an issue of arguable merit for appeal. Based on our review of the brief and the record, we hold that counsel has complied with the requirements of Rule 6-9. We affirm the circuit court's termination order as to Nicole and grant the motion to withdraw as counsel.

In his merit brief, Michael argues that the circuit court erred by granting the petition to terminate his parental rights because there was insufficient evidence that termination was in E.N.'s best interest and because the Department failed to provide him with services. At the time of the termination hearing, E.N. had been out of Michael's custody for well over a year. Even given that much time, he was still living in his mother's home, had a job that was providing no income, did not have a driver's license, and expressed indecision as to whether to end a relationship with Nicole that resulted in his being arrested on domestic-battery charges. He also spent over nine months of the case in jail on drug-related charges incurred during the case and was on parole at the time of the termination hearing with a significant term of imprisonment possible if his parole were revoked. The circuit court did not clearly err in finding that termination of Michael's parental rights was in E.N.'s best interest.

Regarding the Department's provision of services, Michael did not take advantage of any of the services offered by the Department before he was incarcerated and while he did, to his credit, take advantage of services provided through the Department of Correction, he began working on the case plan after the case was several months old and after he had been arrested and imprisoned on a drug-related charge for a criminal act he committed after E.N. was removed from the home. Most importantly, there was no indication at the termination hearing that the services he completed made him a viable placement option for E.N. or that he would become so within a reasonable amount of time from E.N.'s perspective. We hold that the circuit court did not clearly err by granting the petition to terminate Michael's parental rights. Accordingly, we affirm the circuit court's termination order as to Michael.

Affirmed; motion to withdraw granted.

HARRISON and BROWN, JJ., agree.

*Deborah R. Sallings*, Arkansas Public Defender Commission, for appellant Nicole Nichols.

*Janet Lawrence*, for appellant Michael Nichols.

*Tabitha B. McNulty*, County Legal Operations, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.